# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNELL L. ROBINSON, JR., ) | 1:05-CV-01165 AWI LJO HC |
| ) | |
| Petitioner, ) | ORDER DENYING PETITIONER'S |
| ) | MOTION FOR STAY OF PROCEEDINGS |
| v. ) | |
| ) | [Doc. #27] |
| ROY CASTRO, Warden, ) | |
| ) | |
| Respondent. ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On September 15, 2005, Petitioner filed a petition for writ of habeas corpus. After conducting a preliminary review of the petition, on January 26, 2006, the Court issued an order directing Respondent to file a response to the petition. On April 26, 2006, Respondent filed an answer to the petition. Petitioner filed a traverse to Respondent's answer on June 12, 2006.

On July 11, 2006, Petitioner filed a motion to hold the exhausted claims in abeyance and stay the proceedings while Petitioner returns to state court to exhaust his state remedies with respect to several newly discovered and unexhausted claims.

**DISCUSSION**

A district court has discretion to stay a petition which it may validly consider on the merits. <u>Rhines v. Weber</u>, ___ U.S. ___, 125 S.Ct. 1528, 1534, 2005 WL 711587 (2005); <u>Calderon v. United States Dist. Court (Taylor)</u>, 134 F.3d 981, 987-88 (9th Cir. 1998); <u>Greenawalt v. Stewart</u>, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1102 (1997). However, the Supreme Court recently held that this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). <u>Rhines</u>, 125 S.Ct. at 1534. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." <u>Id</u>. at 1535. Even if Petitioner were to demonstrate good cause for that failure, "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." <u>Id</u>.

In this case, the Court does not find good cause to excuse Petitioner's failure. Petitioner claims he only recently discovered the new claims through his research in the law library. Nevertheless, the date he actually discovered these new claims is not relevant. Petitioner could have discovered and raised these claims along with his other claims in his first state habeas petition on August 11, 2004. His delay in discovering these claims for nearly two years, coupled with the fact that the instant petition is now fully briefed and pending a decision from the Court does not justify even further delay. Staying the case at this juncture in order to allow Petitioner to pursue another round of review in the state courts frustrates AEDPA's objective of encouraging finality and undermines AEDPA's objective of streamlining federal habeas proceedings. <u>Id</u>. at 1534. Accordingly, Petitioner's motion for stay of the proceedings is hereby DENIED.

IT IS SO ORDERED.

**Dated:   July 25, 2006**               /s/ Lawrence J. O'Neill
b9ed48                                    UNITED STATES MAGISTRATE JUDGE